IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| Robert Mullen,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Chaac Pizza Midwest, LLC, *et al.*;<br><br>Defendants. | Case No. 1:20-cv-893<br><br>Judge Matthew W. McFarland<br><br>**JURY DEMAND ENDORSED HEREON** |

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO SEVER CASE

Plaintiff hereby requests an Order granting leave for Plaintiff to file his First Amended Complaint, which adds Steven Howard as a named Plaintiff in this action. Additionally, Plaintiff seeks an Order severing this case to allow Plaintiff to proceed against each set of Defendants separately. Plaintiff's arguments in support of this Motion are set forth in the accompanying Memorandum in Support. Plaintiff's Counsel contacted Counsel for Defendants this Motion. Defendants do not consent to the relief requested herein.

Respectfully submitted,

*/s/ Nathan Spencer*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
Nathan B. Spencer (Ohio Bar # 0092262)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710

Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*nspencer@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

ii

---

Plaintiff's Memorandum in Support of Motion for Leave to File First Amended Complaint and to Sever Case

---

1. **Introduction**

This case is proceeding on two separate fronts. CFL Pizza and Andy Rosen (the "CFL Defendants") claim to have enforceable arbitration agreements with Plaintiffs and have accordingly asked the Court to compel Plaintiffs to arbitrate their claims. Chaac Pizza Midwest and Luis Ibarguengoytia (the "Chaac Defendants") do not have arbitration agreements with their employees, and their respective case is ripe to proceed. Considering the distinguishing facts and divergent procedural postures of each set of Defendants, Plaintiffs ask that the Court sever this matter so that Plaintiffs can properly proceed against each set of Defendants separately.

Plaintiffs also seek leave of Court to file their First Amended Complaint, adding a Steve Howard as a named Plaintiff and describing a newly discovered minimum wage violation against the Chaac Defendants. A redlined copy of the proposed Amended Complaint against the CFL Defendants is attached as Exhibit 1. A redlined copy of the proposed Amended Complaint against the Chaac Defendants including Steve Howard as a named Plaintiff is attached as Exhibit 2. Clean copies are attached as Exhibits 3 and 4, respectively. No scheduling order has been issued in this matter and discovery has not been conducted.

2. **Legal Standard**

   2.1. **Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings and provides that "leave [to amend pleadings] should be freely given when justice so requires." The

grant or denial of leave to amend is committed to the sound discretion of the district court. *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000) (affirming district court decision to allow plaintiff to file amended complaint twenty-one months after filing its initial complaint). The trial court's discretion is, however, "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987) (citation omitted). Indeed, leave to amend the pleading is only denied in situations where there is undue delay, bad faith, dilatory motive on the part of the movant, or undue prejudice to the opposing party by virtue of allowing the amendment. *Foman v. Davis,* 371 U.S.178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Seals v. Gen. Motors Corp.,* 546 F.3d 766, 770 (6th Cir. 2008); *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

### 2.2. Rule 21 Severance

Rule 21 allows the court, either by motion or on its own, to, "at any time, on just terms, add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). "Severing the claims 'creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability.'" *Dix v. Atos It Sols. & Servs., Inc.*, No. 1:18-cv-275, 2020 U.S. Dist. LEXIS 192512, at *3 (S.D. Ohio Mar. 17, 2020) (*citing Kitchen v. Heyns*, 802 F.3d 873, 874 (6th Cir. 2015)); *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441, 441 n.17 (7th Cir. 2006)). Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits. *Kitchen v. Heyns*, 802 F.3d 873, 874-75 (6th Cir. 2015). Rule 21 permits the district court broad discretion in determining whether or not claims or actions should be severed. *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804, 2019 U.S. Dist. LEXIS 138292, at *73-74

(N.D. Ohio Aug. 14, 2019); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citations omitted); *Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1367 (11th Cir. 2010) (upholding severance decision where "the district court plainly had sound administrative reasons to try to simplify a case that was becoming increasingly unmanageable").

**3. Argument**

    **3.1. None of the factors that weigh against an amendment are present here.**

As this case's procedural history shows, this case is essentially at its start. The parties have not even held a Rule 26(f) conference, much less exchanged discovery requests. Under these circumstances, Plaintiffs have not unduly delayed in seeking leave to file their First Amended Complaint. Plaintiffs are seeking leave to amend their Complaint before a scheduling order has been issued in this case.

Plaintiff Robert Mullen became aware of Steve Howard's allegations and his desire to act as a named plaintiff only after Mr. Howard opted into the lawsuit. *See* Doc. 24. Additionally, Plaintiffs received payroll records from Defendants that reflect potential minimum wage violations beyond those alleged in Plaintiff's initial Complaint. In light of these developments, Plaintiffs' request for leave to file their First Amended Complaint is timely. Further, Plaintiffs' request is not made in bad faith, and the request will not result in undue prejudice to either set of Defendants.

    **3.2. Severance achieves judicial economy and does not prejudice any party.**

As noted above, this case is already proceeding on two separate tracks. The CFL Defendants have moved to compel arbitration based on alleged arbitration agreements. Doc. 17. In that regard, they have also requested a stay of proceedings. *Id.* In response, Plaintiffs insist on engaging in at least some discovery related to the validity and enforceability of the

alleged arbitration agreements. Doc. 20.

Concurrently, Plaintiff has a pending Motion to Send Notice to Similarly Situated Employees. Doc. 3. This situation presents significant legal questions that will likely require extensive briefing. *See Holder v. A&L Home Care & Training Ctr.*, 2021 U.S. Dist. LEXIS 145586 (S.D. Ohio Aug. 4, 2021) (discussing the propriety of sending notice of an FLSA lawsuit where a defendant has alleged the existence of arbitration agreements with members of the FLSA collective). In *Holder*, this Court certified for interlocutory appeal the issue of the applicability of arbitration agreements to the conditional certification analysis.

Meanwhile, the Chaac Defendants do not claim to have any arbitration agreements with Plaintiffs, and have instead responded to Plaintiff's Motion to Send Notice. *See* Doc. 16. The understandable delay attributable to adjudicating the arbitration issue with the CFL Defendants is now holding up proceedings as against the Chaac Defendants, despite the case being ripe to proceed against them.

It is evident from the respective procedural postures of the Defendants in this case that severance would serve the interests of the parties and the Court by streamlining the legal issues present in each case and by permitting relevant discovery to proceed on the differing factual issues currently facing the parties. Severance would further prevent the case from becoming increasingly unmanageable. Instead of litigating these disputes on two separate fronts within the same case, severance would permit the cases to proceed appropriately as against each set of Defendants—one case against the CFL Defendants, and one case against the Chaac Defendants.

4. **Conclusion**

Plaintiffs' request is not made in bad faith or with dilatory motive. It will not result in any undue prejudice to Defendants. Severance will, however, permit the parties and the Court to move these cases forward more efficiently.

Accordingly, Plaintiffs respectfully request that this Court:

1. grant leave to Plaintiffs to file their First Amended Complaint; and

2. sever the cases to separate Plaintiffs' claims against the Chaac Defendants and the CFL Defendants.

Respectfully submitted,

*/s/ Nathan Spencer*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
Nathan B. Spencer (Ohio Bar # 0092262)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*nspencer@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

5

## Certificate of Service

I hereby certify that a copy of the foregoing was filed electronically. The parties were served through the Court's electronic filing system.

<em>/s/ Nathan Spencer</em><br>
Nathan Spencer