IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | |
|---|---|
| ROBERT MULLEN, | : |
| | : Case no. 1:20-cv-893 |
| Plaintiff, | : |
| | : Judge Matthew W. McFarland |
| v. | : |
| | : |
| CHAAC PIZZA MIDWEST, LLC, et al., | : |
| | : |
| Defendants. | : |

## ORDER ON PENDING MOTIONS

There are multiple motions pending before the Court, all of which are ripe and ready for review. They are as follows: (1) Plaintiff Robert Mullen's Motion to Send Notice to Similarly Situated Employees (Doc. 3); (2) Defendants CFL Pizza, LLC and Andy Rosen's ("the CFL Pizza Defendants") Motion to Dismiss and Compel Arbitration (Doc. 17); (3) the CFL Pizza Defendants' Motion to Stay the Deadline to Respond to Plaintiff's Motion to Send Notice (Doc. 18); (4) Plaintiff's Motion to Hold the CFL Pizza Defendants' Motion to Compel Arbitration and Dismiss in Abeyance (Doc. 20); (5) Plaintiff's Request for a Rule 26(F) Conference (Doc. 25); and (6) the CFL Pizza Defendants' Supplement to Motion to Compel Arbitration and Dismiss as to Plaintiff Steven Howard (Doc. 27).

For the reasons that follow, the Court: (1) **DENIES WITHOUT PREJUDICE TO REFILING** Plaintiff's Motion to Send Notice to Similarly Situated Employees (Doc. 3) as to the Defendants Chaac Pizza Midwest LLC and Luis Ibarguengoytia ("the Chaac Pizza

Defendants"); (2) **GRANTS** the CFL Pizza Defendants' Motion to Dismiss and Compel Arbitration (Doc. 17); (3) **GRANTS** the CFL Pizza Defendants' Motion to Stay the Deadline to Respond to Plaintiff's Motion to Send Notice (Doc. 18); (4) **DENIES** Plaintiff's Motion to Hold the CFL Pizza Defendants' Motion to Compel Arbitration and Dismiss in Abeyance (Doc. 20); (5) **DENIES WITHOUT PREJUDICE** Plaintiff's Request for a Rule 26(F) Conference (Doc. 25); and (6) **DENIES AS MOOT** the CFL Pizza Defendants' Supplement to Motion to Compel Arbitration and Dismiss as to Plaintiff Steven Howard (Doc. 27).

### FACTUAL AND PROCEDURAL HISTORY

This is an FLSA case involving Plaintiff's claim that his employers (franchisees of Pizza Hut stores) did not properly pay him pursuant to the Fair Labor Standards Act ("FLSA") and the Ohio Prompt Pay Act because they did not adequately reimburse him and other delivery drivers for their delivery-related expenses, thereby allegedly failing to pay them the legally mandated minimum wage for all hours worked. (Doc. 1, Compl. at ¶ 4.) Plaintiff asserts these claims on his own behalf, as well as those similarly situated, asserting class allegations. (Id. at ¶¶ 1, 3, 79-108, 141-58.)

Plaintiff has sued two "sets" of defendants: the CFL Pizza Defendants and the Chaac Pizza Defendants. The CFL Pizza Defendants, which includes Defendants CFL Pizza, LLC and Andy Rosen, its alleged principal, owned and/or operated the Pizza Hut franchise stores at issue until February 18, 2020. (Id. at ¶¶ 23, 51.) The Chaac Pizza Defendants, which includes Defendants Chaac Pizza Midwest, LLC and Luis

Ibarguengoytia, its alleged principal, owned and/or operated the Pizza Hut franchise stores at issue thereafter. (*Id.* at ¶¶ 13, 32.)

The CFL Pizza Defendants have moved to compel arbitration and dismiss this litigation as to them. (Doc. 17.) In support of this Motion, the CFL Pizza Defendants argued that a valid arbitration agreement exists as between CFL Pizza and Plaintiff, precluding this class action litigation as it pertains to the CFL Pizza Defendants.[1]

In support of this Motion, the CFL Pizza Defendants filed the declaration of Ruth Caraballo, CFL Pizza's Human Resources Director. (Doc. 17-2, Caraballo Decl., at ¶ 1.) Ms. Caraballo described CFL Pizza's online portal and document review system, called PeopleMatter, and explained that each employee created their own unique, individual, and private username and password to access the system. (*Id.* at ¶ 3.) During an employee's onboarding process, he is given access to PeopleMatter and, through this portal, is presented with the CFL Pizza Agreement to Arbitrate (the "Arbitration Agreement"). (*Id.* at ¶ 4.) Ms. Caraballo described the portal process as it pertains to the Arbitration Agreement as follows:

- "When an employee accesses [the CFL Pizza Agreement to Arbitrate] module, he or she is prompted to read CFL's Agreement to Arbitrate. The employee is then given an opportunity to read and review the Agreement." (*Id.* at ¶ 5.)

- "The employee is then prompted 'Your electronic acknowledgment on the next page is required and indicates that you have been provided the Agreement to Arbitrate Notice to review, that you understand and agree you are subject to the Agreement to Arbitrate Notice, and that you will adhere to the Agreement to Arbitrate Notice.'" (*Id.* at ¶ 6.)

---

[1] The CFL Pizza Defendants argue that this includes any claims Plaintiff asserts against Andy Rosen, as those claims arose from Plaintiff's employment with CFL Pizza, and thus must be arbitrated.

3

- After having the opportunity to read and review the Arbitration Agreement, and receiving the prior prompt, "the employee can electronically sign the Agreement." Thereafter, the employee can retain a copy for his records. (*Id.*)

Ms. Caraballo averred that the CFL Pizza's business records reflect that Plaintiff accessed the Arbitration Agreement through the portal and electronically signed it. (*Id.* at ¶ 7.) CFL Pizza has also submitted the electronic signature by Plaintiff as it pertains to the Arbitration Agreement.[2] (*See id.*, Ex. A to Caraballo Decl. at Pg. ID 205.)

Plaintiff responded to this Motion to Compel by filing a motion to hold the Motion to Compel in abeyance so that he could engage in limited discovery on the validity of the Arbitration Agreement. (Doc. 17, Motion to Hold Motion to Compel in Abeyance, at Pg. ID 239.) His Motion indicated that "Plaintiff disputes both the validity and existence of an arbitration agreement." (*Id.* at Pg. ID 241.) Yet Plaintiff did not support his Motion with an affidavit, declaration, or any evidence supporting his assertion that the Arbitration Agreement was either invalid or nonexistent. (*See id.*) Instead, he argued that discovery was necessary to determine whether the parties entered into a "valid clickwrap contract," contending that he "disput[ed] Defendants' description of the process and maintain[ed] that he never entered into an arbitration agreement with Defendants." (*Id.* at Pg. ID 242-43.)

---

[2] The CFL Pizza Defendants filed a similar Motion to Compel Arbitration and Dismiss as it pertains to Plaintiff Steven Howard. (*See* Doc. 27.) Those arguments mirror those made in its initial Motion to Compel against Plaintiff Mullen. (*See id.*)

4

Most recently in the progression of this matter, co-Plaintiffs Steven Howard and Heather Smothers, who had previously filed consent to join notices, withdrew them. (*See* docs. 42, 43.) Plaintiff remains the only named plaintiff.

### THE PENDING MOTIONS

Because of the number of pending motions, the Court will address them individually, as follows, noting any interrelated consideration as they may arise.

**A.  The CFL Pizza Defendants Motion to Dismiss and Compel Arbitration (Doc. 17) and Plaintiff's Motion to Hold the CFL Pizza Defendants' Motion to Compel Arbitration and Dismiss in Abeyance (Doc. 20).**

The CFL Pizza Defendants argue that the Arbitration Agreement precludes Plaintiff's claims, and this class action litigation, because the plain language of the agreement requires that any wage claims must be arbitrated. Thus, these Defendants seek to have the lawsuit dismissed as to them.

In analyzing a motion to compel arbitration, the Sixth Circuit has instructed courts to determine whether: (1) the parties agreed to arbitrate; (2) the scope of the arbitration agreement includes the asserted claims; (3) Congress intended any federal statutory claims to be non-arbitrable; and (4) if not all claims are arbitrable, a stay is necessary pending arbitration. *See McGee v. Armstrong*, 941 F3d. 859, 856 (6th Cir. 2019).

Only the first factor is at issue between these parties. As to the remaining factors, the Arbitration Agreement expressly provides that claims involving wages must be arbitrated, (*see* Doc. 17-2, Arbitration Agreement, at Pg. ID 207), and only wage claims are at issue in this lawsuit, (*see* Doc. 1), meaning no stay would be required. Additionally, there can be no dispute that FLSA claims are arbitrable. *See Floss v. Ryan's Family Steak*

5

*House, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000); *see also Mason v. Synchrony Bank*, No. 3:17cv314, 2018 WL 527981, *1 (S.D. Ohio Jan. 22, 2018) (enforcing an arbitration clause and compelling arbitration as to an FLSA claim).

Accordingly, if a valid and enforceable arbitration agreement exists, meaning that the parties agreed to arbitrate, the Court must grant the CFL Defendants' Motion. *See Cox v. Gen. Electric Co.*, No. 1:12-cv-671, 2013 WL 3811762, at *4 (S.D. Ohio July 22, 2013) (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990)) (recognizing that a complaint may be dismissed when all claims asserted therein are subject to arbitration). Plaintiff concedes as much. (*See* Doc. 20 at Pg. ID 245-46) (recognizing that "[i]f the outcome [of the requested discovery] is that an agreement was formed, the arbitration would be appropriate").

### 1. The Standard the Court Must Apply.

A word about the standard of review this Court must apply is worthwhile at this juncture, especially given the unusual procedural posture of the competing Motion to Compel and Plaintiff's Motion to Hold the Motion to Compel in Abeyance.

When asked to compel arbitration, the Court must determine, as noted above, whether the parties have agreed to arbitrate the dispute at issue, as arbitration is a creature of contract. *See McGee*, 941 F.3d at 856. "If the district court is satisfied that the agreement to arbitrate is not 'in issue,' it must compel arbitration." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). If the existence of the contract is "in issue," the matter proceeds to a jury trial on the issue, as Plaintiff requests. *See* 9 U.S.C. § 4; *Great Earth Companies, Inc.*, 288 F.3d at 889.

6

In order to place the validity of the agreement "in issue," the party opposing arbitration must show a genuine issue of material fact as to the validity of the arbitration agreement. *See Great Earth Companies*, 288 F.3d at 889. This showing "mirrors that required to withstand summary judgment in a civil suit." *See id.*

Turning to Rule 56's well-known summary judgment standard, Rule 56(c)(1) details how a party must support its factual position: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:" either citing to particular evidence in the record or showing that the cited materials do not establish the presence or absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(A); (B). Importantly, once the moving party satisfies its burden, the nonmoving party cannot merely rest on his pleadings. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). He must present probative evidence in support of his position to overcome the motion for summary judgment. *Id.* The same is true in this case.

If the nonmovant lacks facts to justify its opposition, Rule 56(d) and pertinent case law has defined the procedure available to provide the nonmovant with time to obtain the alleged unavailable evidence, but the nonmovant must provide an affidavit that describes the facts it lacks and where such evidence can be obtained. *See* Fed. R. Civ. P. 56(c); *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). Although neither party cites a case involving a motion to compel arbitration in which the nonmovant or the court has invoked Rule 56(d), given the application of the summary judgment standard to this question, these procedural requirements provide helpful guidance.

7

Furthermore, the Court must view all facts and draw all inferences in favor of the nonmoving party. *See Great Earth Company*, 288 F.3d at 889. That said, a mere scintilla of evidence challenging the validity of the arbitration agreement will not defeat the motion to compel.

### 2. The Existence of an Arbitration Agreement- the Analysis

Turning to the substantive question, the Court looks to Ohio law, and under Ohio law, a valid contract requires offer, acceptance, and consideration. *See Kostenik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002); *see also* 9 U.S.C. § 2 (providing that the existence of an arbitration contract is based on state contract law). Ohio has recognized that "clicking" is an acceptable way to manifest acceptance to agreement terms. *Ranazzi v. Amazon.com, Inc.*, 46 N.E.3d 213, 217 (Ohio Ct. App. 2015). Further, electronic signatures are binding under Ohio law. *See* Ohio Rev. Code § 1306.06; *Morgan v. United Healthcare Servs., Inc.*, No. 1:12cv676, 2013 WL 1828940, *3 (S.D. Ohio April 30, 2013). *See also Stephens v. Frisch's Big Boy Restaurants*, Case No. 1:19-cv-954, 2020 WL 4754682, at *3 (S.D. Ohio July 30, 2020) (collecting Sixth Circuit cases concluding that electronic employee acknowledgments to an arbitration agreement are binding and enforceable). There is a strong federal policy in favor of arbitration, requiring that any doubts about the enforceability of arbitration agreement be drawn in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

Plaintiff does not dispute that the CFL Pizza Defendants extended an offer to arbitrate all disputes through the document review system, and other courts have recognized that presentation of an arbitration agreement through a human resources

portal constitutes an offer. *See Reulbach v. Life Time Fitness, Inc.*, Case No. 1:21cv1013, 2021 WL 2581565, at *5 (N.D. Ohio June 23, 2021) (noting that the electronic message sent via a human resources portal "constituted an offer to enter into an agreement to arbitrate future claims").

Plaintiff also does not dispute that the mutual agreement to arbitrate constitutes sufficient consideration to create a valid contract, and the Sixth Circuit has acknowledged this as sufficient consideration to support the arbitration agreement. *Dantz v. Am. Apple Grp., LLC*, 123 F. App'x 702, 708-09 (6th Cir. 2005) (recognizing that mutual agreement by both parties to submit a claim for arbitration is sufficient consideration under Ohio law).

Indeed, the only issue is whether Plaintiff assented to the Arbitration Agreement. The CFL Pizza Defendants argue he did, and they provide evidence supporting their position. Specifically, they provide an affidavit by the Human Resources Director detailing the onboarding process, averring that each employee creates their own unique username and password to access, review, and sign documents in the portal; and confirming that Plaintiff accessed the Arbitration Agreement and electronically signed the Agreement. (Doc. 17-2, Caraballo Decl., at ¶¶ 3-7.) They also provide a copy of the Arbitration Agreement and Plaintiff's electronic signature. (*Id.* at Pg. ID 205, 207.) Accordingly, the CFL Pizza Defendants have presented evidence that the Arbitration Agreement exists and is valid and enforceable.

Plaintiff now has the burden to point to some evidence to create a genuine issue of material fact on this issue. The problem is that Plaintiff has presented no evidence of any kind to rebut the evidence presented to the Court by the CFL Pizza Defendants.

9

Instead, Plaintiff has filed a motion asking for discovery to show that Plaintiff did not, in fact, assent to the Arbitration Agreement because "Plaintiff denies that he completed the arbitration agreement, and claims that he was never actually presented with the arbitration agreement" and "disputes Defendants' description of the process and maintains that he never entered into an arbitration agreement with Defendants." (Doc. 20 at Pg. ID 243.) But Plaintiff has offered nothing, not even an affidavit, to support these denials or disputes regarding the process as described by the CFL Defendants. Mere bald, unsupported denials is insufficient to carry Plaintiff's burden to create a genuine issue of material fact. *See Jones v. U-Haul Co. of Massachusetts and Ohio Inc.*, 16 F. Supp. 3d 922, 935 (S.D. Ohio 2014) (finding an arbitration agreement to exist when defendants submitted evidence of an electronically signed agreement, and plaintiff failed to provide any evidence in support of her contention that the signature was not authentic).

But even if these denials were in the form of an affidavit, standing alone, they would be insufficient to create a genuine issue of material fact. Numerous courts have held that, when the moving party has presented evidence of the process to assent to an arbitration agreement as well as proof of the agreement, a self-serving affidavit disputing assent cannot create a genuine issue of material fact. *See Reulbach*, 2021 WL 2581565, at *5 (N.D. Ohio June 23, 2021) (concluding that a plaintiff's affidavit that he never saw the agreement failed to create a genuine issue of material fact when defendants presented evidence that notice was received and plaintiff clicked "I Agree"); *Stephens*, 2020 WL 4754682, at *3 ("Plaintiff's naked assertion that she did not sign the arbitration agreement, without more, is insufficient to raise a dispute of material fact regarding the validity of

10

the arbitration agreement or whether she electronically acknowledged" the agreement), *report and recommendation adopted*, 2020 WL 4748578, (S.D. Ohio 2020); *Nealey v. Heritage Oaks Mgmt. Enters. USA, LLC*, Case no. 2:18cv1759, 2020 WL 2507332, at * 3 (S.D. Ohio May 15, 2020) (rejecting a plaintiff's self-serving affidavit that she never saw and never signed the arbitration agreement, finding it failed to create a genuine issue of material fact when presented with defendants' evidence that she did, in fact, sign it).

Plaintiff's theory seems to be that, because the Arbitration Agreement was a "clickwrap agreement,"[3] he is entitled to discovery to ensure that the process described by the CFL Pizza Defendants is accurate and confirm that he affirmatively acted to assent to the Arbitration Agreement. Plaintiff relies entirely on an out-of-Circuit, unpublished case, *Rojas v. Gosmith, Inc.*, Cause No. 2:17-cv-281-JVB-JEM, 2020 WL 831585, *1 (Feb. 20, 2020), in support of his request for discovery.

Plaintiff's theory fails for multiple reasons. First, the name by which Plaintiff characterizes the Arbitration Agreement does not alter the elements of a valid contract under Ohio law. As noted above, the only issue is whether Plaintiff assented to the Arbitration Agreement, and the CFL Pizza Defendants have provided evidence of Plaintiff's electronic signature, which is valid under Ohio law. *See* Ohio Rev. Code § 1306.06. Plaintiff is not entitled to discovery just because Plaintiff characterizes the agreement as a "clickwrap agreement."

---

[3] The Court accepts, for purposes of this analysis, Plaintiff's characterization of the agreement as a "clickwrap agreement."

Further, Plaintiff identifies no fact in dispute justifying discovery. Through his reliance on *Rojas*, Plaintiff seems to argue that his participation in the portal was passive, and he did not actively assent to the Arbitration Agreement. But Plaintiff offers no evidence to support his implied contention that his actions were passive—not even his own memory, as he does not submit an affidavit or other description of a different process. In *Rojas*, the nonmoving party provided screen shots and other evidentiary evidence to support his theory that his actions were passive and that he lacked knowledge that his use of the website constituted assent to the arbitration agreement. *Rojas*, 2020 WL 831585, at *2-3. Here, Plaintiff's failure to provide evidence cannot create a genuine issue of material fact either to defeat the Motion to Compel or to justify discovery when the CFL Pizza Defendants have provided a declaration detailing the steps an employee must take—which requires affirmative assent to the Arbitration Agreement—as well as an electronic signature. Indeed, Plaintiff's unsupported theories are nothing more than speculation, which cannot defeat Defendant's Motion nor entitle Plaintiff to discovery. *See Morgan v. United Healthcare Servs., Inc.*, No. 1:12-cv-676-HJW, 2013 WL 1828940, at *3 (S.D. Ohio April 30, 2013) (rejecting the plaintiff's affidavit denying agreement to the arbitration agreement as nothing more than speculation, which was insufficient to defeat the evidence that plaintiff did, in fact, electronically agree to the arbitration agreement). Again, the Court has nothing more than counsel's argument, which cannot create a question of fact necessitating discovery. Such a result is also mandated under Rule 56 (d), to the extent it applies, as Plaintiff failed to submit an affidavit as required to obtain additional discovery.

Plaintiff has simply failed to present any evidence demonstrating the need for discovery or creating a genuine issue of material fact to defeat the Motion to Compel. The evidence shows that Plaintiff electronically signed the Arbitration Agreement, and he is bound by this agreement.

**B.     Plaintiff's Motion to Send Notice to Similarly Situated Employees (Doc. 3)**

Plaintiff's Motion to Send Notice to Similarly Situated Employees is an implicit Motion for Conditional Certification. (*See* Doc. 3 at Pg. ID 54-55). Plaintiff applies the "modest factual showing" standard that district courts in this circuit often use in collective actions. *E.g., Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002).

The Sixth Circuit, however, has recently granted leave to hear argument as to what standard applies when conditionally certifying a collective action. Order, *In re: A&L Home Care and Training Center, LLC, et al.*, No. 21-305; *In re: Larry Holder, et al.*, No. 21-306 (6th Cir. Feb. 4, 2022). The Circuit's decision on this area of the law will directly impact how this Court resolves certification and oversees this matter.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Upon consideration of the parties' interests, judicial economy, and efficient litigation, the Court **STAYS** this matter pending the Sixth Circuit's resolution of *In re: A&L Home Care and Training Center, LLC, et al.* and *In re: Larry Holder* and **DENIES** Plaintiff's Motion to

13

Send Notice to Similarly Situated Employees without prejudice to refile when those matters are resolved.

## CONCLUSION

For the reasons set forth above, the Court:

(1) **DENIES WITHOUT PREJUDICE TO REFILING** Plaintiff's Motion to Send Notice to Similarly Situated Employees (Doc. 3) as to the Chaac Pizza Defendants and **STAYS** this litigation as described above;

(2) **GRANTS** the CFL Pizza Defendants Motion to Dismiss and Compel Arbitration (Doc. 17) and **DENIES** Plaintiff's Motion to Hold the CFL Pizza Defendants' Motion to Compel Arbitration and Dismiss in Abeyance (Doc. 20). As such, the CFL Pizza Defendants are hereby **DISMISSED** from this litigation;

(3) **GRANTS** the CFL Pizza Defendants' Motion to Stay the Deadline to Respond to Plaintiff's Motion to Send Notice (Doc. 18), which is now rendered unnecessary by the Court's decision compelling arbitration;

(4) **DENIES WITHOUT PREJUDICE** Plaintiff's Request for a Rule 26(F) Conference (Doc. 25). Plaintiff may refile this request once the Court lifts the above-imposed stay; and

(5) **DENIES AS MOOT** the CFL Pizza Defendants' Supplement to Motion to Compel Arbitration and Dismiss as to Plaintiff Steven Howard (Doc. 27), as Plaintiff Howard has withdrawn his notice of consent to join this lawsuit (*see* Doc. 42).

**IT IS SO ORDERED.**

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE

15