IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ROBERT MULLEN, | ) |
| Plaintiff, | ) Case No. 1:20-cv-00893-MWM |
| v. | ) Judge Matthew W. McFarland |
| CHAAC PIZZA MIDWEST, LLC, *et al.*, | ) |
| Defendants. | ) |

___

JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)
___

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on **September 6, 2023**.

**A.  MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

**X** Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____.

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**Error! Unknown document property name.**

B. **RULE 26(a) DISCLOSURES**

    ☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

    X The parties will exchange such disclosures by **September 27, 2023**.

    ☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**: Rule 26(a) disclosures are **NOT** to be filed with the Court.

C. **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of

   **Plaintiff believes discovery will be needed on payroll records, delivery records, delivery reimbursement payments, and related information for Defendants' delivery drivers. Plaintiff also seeks information about Defendants' employment policies, manager and executive communications, third-party communications, and other information relevant to Plaintiff's claims. Plaintiff disagrees with Defendant's contention that the above issues requiring discovery were not discussed at the 26(f) conference and are premature.**

   **Defendants note this is a single-plaintiff case and do not agree with Plaintiff's proposed discovery, which was not discussed at the 26(f) and is premature; Defendants believe the topics/issues of discovery will be on Plaintiff's vehicle expenses; all records of Plaintiff's tips, trips, records of all forms of pay/compensation for Plaintiff; records of time, mileage, schedules, and time worked in stores or otherwise for Plaintiff; handbooks and policies/programs applicable to Plaintiff, personnel file of Plaintiff; agreements and vehicle reimbursement records of Plaintiff, and inputs from Plaintiff that led to the same; non-privileged communications involving Plaintiff about compensation, this lawsuit, and his claims.**

2. The parties recommend that discovery

   X need not be bifurcated (but this could be done or revisited depending on possible motions Plaintiff may file)

   ☐ Should be bifurcated between liability and damages.

   ☐ Should be bifurcated between factual and expert.

   ☐ Should be limited to or focused upon issues relating to _____.

3. Disclosures and report of Plaintiff(s) expert(s) by

Error! Unknown document property name.

      **Plaintiff(s) Proposal: the deadlines for expert designations and reports, if necessary, should be set after the Court rules on Plaintiff's contemplated Motion for Rule 23 Class Certification.**

      **Defendants' Proposal: 60 days before the close of discovery.**

4. Disclosure and report by Defendant(s) expert(s) by **45 days after disclosures and report of Plaintiff(s) expert(s).**

5. Disclosure and report of rebuttal expert(s) by **N/A**.

6. Disclosure of non-expert (fact) witnesses by:

   **Plaintiff(s) Proposal: this date should be set after the Court's ruling on Plaintiff's Motion for Rule 23 Class Certification, but no later than 60 days before the close of all discovery.**

   **Defendants' Proposal: 30 days before the close of discovery.**

7. Discovery cut-off

   **Plaintiff(s) Proposal: the discovery cut-off should be set after the Court's ruling on Plaintiff's contemplated Motion for Rule 23 class certification.**

   **Defendants' Proposal: March 12, 2024 (subject to adjustment depending on possible motions Plaintiff may file and/or their resolution)**

8. Anticipated discovery problems

   **X None known at this time.**

   ☐ None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

   **See above, C.1.**

10. **Discovery of Electronically Stored Information**. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    **X** Yes

    ☐ No

    i. The parties have electronically stored information in the following formats:
    **PDFs, emails (outlook), Microsoft office and excel, cell phones, map and gps applications, paper records.**

    **Plaintiff(s) Position: database files in their native format.**

    ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:
    **N/A.**

11. **Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid 502.

    **X** Yes

    ☐ No

    i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:
    **N/A.**

    ii. Have the parties agreed on a procedure to assert such claims AFTER production?

    ☐ No

4

  **X** Yes

  ☐ Yes, and the parties that the Court include the following agreement in the scheduling order:

_____

_____

_____

**D.** **LIMITATIONS ON DISCOVERY**

 1. Change in the limitations on discovery

  ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____.

  ☐ Increase the number of depositions (currently 10) permitted to

_____.

  ☐ Increase the number of interrogatories (currently 25) permitted to

_____

  **X** None.

**The parties reserve the right to change or seek changes to limitations on discovery if new parties are added to the lawsuit.**

**E.** **PROTECTIVE ORDER**

 **X** A protective order will be submitted to the Court on or before **September 29, 2023.**

 ☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.** **SETTLEMENT**

A settlement demand ☐ has or **X** has not been made.

A response to the demand ☐ has or ☐ has not been made. **N/A.**

5

**Error! Unknown document property name.**

A demand can be made by _____ .

**From Plaintiff(s): The possibility of settlement in this case cannot be evaluated until after Plaintiff receives payroll and delivery information for the putative class members.**

**From Defendants: This is a single-plaintiff case, and settlement can be discussed promptly and at any time, and Defendants are willing to do so in good faith at any time.**

A response can be made by **N/A**.

**G. MOTION DEADLINES**

1. Motion to amend the pleadings and / or add parties by

   **Plaintiff(s) Proposal: Plaintiffs should be allowed to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a) until 60 days after the Collective Action Notice Period ends.**

   **Defendants' Proposal: pursuant to the Federal Rules of Civil Procedure. Plaintiff's proposal was not discussed at the 26(f) and is premature and unnecessary.**

2. Motions related to the pleadings by:

   **Plaintiff(s) Proposal: N/A.**

   **Defendants Proposal: pursuant to the Federal Rules of Civil Procedure**.

3. Dispositive motions by:

   **Defendants' Proposal: suggest a deadline of April 30, 2024**.

   **Plaintiff(s) Proposal: the deadline for dispositive motions should be set after the Court rules on Plaintiff's contemplated Motion for Rule 23 Class Certification.**

**H. OTHER MATTERS**

**Plaintiff anticipates filing a Motion for Rule 23 Class Certification and a renewed Motion for FLSA Collective Action certification. Plaintiff expects to file his renewed Motion for**

Error! Unknown document property name.

**Conditional Certification at the earliest practicable time, but no later than the deadline set for his Motion for Rule 23 Class Certification. Plaintiff requests the deadline for that Motion for to be April 8, 2024.**

**Defendants note Plaintiff's proposal as to a deadline for such motions was not discussed at the 26(f).  Defendants contend this case isn't suited for Rule 23 treatment and note that Plaintiff upon filing the Complaint already filed a motion to send notice, and can renew that now without being given seven months to do so as Plaintiff proposes.**

Signatures:

/s/ Joseph Scherpenberg
Andrew P. Kimble
Joseph Michel Scherpenberg
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Email: akimble@billerkimble.com
Email: jscherpenberg@billerkimble.com

Andrew Biller
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Email: abiller@billerkimble.com

*Attorney for Plaintiff*


/s/ Paul A Wilhelm
Paul A. Wilhelm (OH 0075662)
Clark Hill PLC
500 Woodward Ave, Suite 3500
Detroit, MI 48226
Ph:  313.309.4269
pwilhelm@clarkhill.com

*Attorney for Defendants*
*Chaac Pizza Midwest, LLC and*

**Error! Unknown document property name.**

*Luis Ibarguengoytia only*

**Error! Unknown document property name.**