UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT MULLEN,

    Plaintiff,

vs.

CHAAC PIZZA MIDWEST, LLC., et al.

    Defendants.

Case No. 1:20-cv-893

McFarland, J.
Bowman, M.J.

**MEMORANDUM ORDER**

This civil action came before the Court on February 22, 2024, for an informal conference, by phone, to address the parties' discovery disputes. Attorney Laura Farmwald appeared on behalf of Plaintiff. Attorneys Paul Wilhelm and Andrew Ruxton appeared on behalf of Defendants. The Court, over Plaintiff's objection, bifurcated this case and expressly approved "Discovery Regarding Court-Approved Notice Cutoff." (See October 19, 2023 Minute Entry). Based upon the parties' arguments and assertions during the conference, the undersigned issues the following **ORDER**[1]**:**

*1. Protective Order*

Defendants seek the entry of a Protective Order before they provide complete responses to many of Plaintiff's discovery requests and seek to utilize this Court's Two-Tiered Protective Order. Plaintiff, however, asserts that a more limited Protective Order is appropriate because this is a wage and hours case and employer pay practices should not be kept secret. *See Altier v. A Silver Lining LL*C, No. 2:17-cv-599, 2017 WL 10402564 (S.D. Ohio Nov. 15, 2017). The undersigned finds that the Court's Two-Tiered Protective

---

[1] The Court acknowledges that this order is docketed one week later than the court indicated it hoped to do so. Unfortunately, other matters arose that delayed the Court's attention.

Order adequately addresses the parties' needs. However, the Court also recognizes that some case-specific modification may be necessary. Thus, the parties are herein **ORDERED** to submit a joint proposed protective Order within **14 days** of the entry of this Order. To the extent the parties cannot agree on the scope of the Protective Order, the parties should outline their objections and proposed modifications, and the undersigned will make a determination of the scope of the Protective Order.

*2. Plaintiff's Interrogatory No. 1*

At the outset, the Court notes that preliminary discovery in FLSA cases is required to be narrowly tailored to the sole question of whether there is a strong likelihood that putative opt-in plaintiffs are substantially similar to the named plaintiff(s). *Cordell v. Sugar Creek Packing Co.*, No. 2:21-CV-00755, 2023 WL 5918753, at *5 (S.D. Ohio Sept. 11, 2023). Here, Plaintiff's Interrogatory No. 1 asks Defendants to identify the Pizza Hut stores owned and/or operated by Chaac Pizza Midwest, LLC, in whole or in part; including the address of each location, the store number of each location, and the dates each location has been owned by Chaac Pizza Midwest, LLC. The undersigned finds that such information is within the scope of preliminary discovery that is permitted in FLSA cases. Accordingly, Defendants shall submit responses to this Interrogatory **within 14 days the entry of an agreed upon Protective Order**, as outlined above.

*3. Plaintiff's Interrogatory No. 2*

Plaintiff asks Defendants to identify the owners, officers, executives, regional managers, district managers, store managers, managers, assistant managers, shift managers, and/or supervisors each store identified in response to Interrogatory 1, during the relevant time period, and provide any phone numbers or email addresses used by

2

each individual related to the operation of the Pizza Hut stores identified in response to Interrogatory 1. Plaintiff's request is premature and goes beyond the scope of preliminary discovery that is permitted at this stage of the litigation. Accordingly, Defendants' objections to this request are sustained.

    4. *Plaintiff's Interrogatory No. 3*

This interrogatory seeks, *inter alia,* the automobile expense reimbursement rate or rates used at each of the Pizza Hut stores identified in response to Interrogatory 1. Defendants responded in relevant part:

> Defendant states that Plaintiff was reimbursed for reasonably approximated vehicle expenses by submitting his vehicle make, model, and year into a system created and designed by Motus and later internally that tracks actual miles for deliveries and applies a reimbursement established and intended to reasonably approximate vehicle expenses. Defendant further states that during the following periods Plaintiff was reimbursed at least at the identified per mile rate: December 8, 2019 to August 2, 2020 (PT Cruiser 2004, $0.25); August 9, 2020 to November 7, 2021 (2014 Ford Fusion, $0.30); November 11, 2021 to March 20, 2022 (2014 Ford Fusion, $0.33); April 3, 2022 to June 30, 2022 (2014 Ford Fusion, $0.46); July 3, 2022 to March 19, 2023 (2022 Ford EcoSport, $0.50).

(See *Defendants First Amended Answers, Responses and Objections to Plaintiff's First Set of Discovery Requests, Response to Plaintiff's Interrogatory No. 3*). During the discovery conference, counsel for Defendants indicated that he would be willing to stipulate to the fact that delivery drivers were not paid the IRS rate and that all delivery drivers are paid under the reasonable approximation standard. Furthermore, counsel for the Defendants generally described the policy in effect during the relevant time period.

Upon careful review, the undersigned finds that Defendants must supplement this response to include the above stipulation and relevant policy.

5. *Plaintiff's Request for Production No. 1*

Plaintiff seeks a computer readable list, spreadsheet, or database that identifies all delivery drivers employed at the Pizza Hut stores identified in response to Interrogatory 1 during any workweek during the relevant time period. Defendants contend that this request is overly broad, unduly burdensome, not proportionate to the needs of the case, including for purposes of preliminary discovery at this stage of the litigation. Defendants' objections are well-taken, in part. In this regard, the undersigned finds that Defendants shall produce only the number, not the names[2], of delivery drivers employed at the Pizza Hut stores identified in response to Interrogatory 1 dating back to November 2017[3], **within 14 days the entry of an agreed upon Protective Order**, as outlined above.

6. *Plaintiff's Request for Production 2*

For each delivery driver employed at any of the Pizza Hut stores identified in response to Interrogatory 1, Plaintiff asks Defendants to provide a computer readable list, spreadsheet, database, or other document that states the following information for each work week during the relevant time period:

   a. Driver's name;
   b. Location(s) worked;
   c. Wage rate(s) paid;
   d. Number of hours worked at each wage rate paid;
   e. Wages received;
   f. Reimbursement payments received;
   g. Deliveries completed (including the address to/from which each delivery was taken, whether it was taken on the same departure from the store as another delivery, and, if the delivery was taken on the same departure from the store as

---

[2] Should the motion to send court approved notices be granted, Defendants shall promptly supplement this request identifying all the delivery drivers employed at Defendants' Pizza Hut stores.

[3] The FLSA provides for a two-year statute of limitations period for non-willful violations and a three-year statute of limitations period for willful violations. 29 U.S.C. § 255(a). Plaintiff's counsel represented that she intends to seek equitable tolling of the FLSA statute of limitations due to the delayed litigation posture of this case. As such, for purposes these discovery responses, the relevant period is three years from the filing of the complaint, i.e. November 2017.

4

another delivery, which delivery or deliveries the delivery was taken with); and
h. Miles driven.

During the discovery conference with the Court, Defendants represented that they are willing to produce a random sample of the requested information with the exception of 2(g). The undersigned finds that such a sample will provide an adequate response to this request. As such, Defendants shall produce a random sample of 15% of all delivery drivers in Ohio (who are not subject to an arbitration clause[4]) for the requested information in Plaintiff's Request for Production No. 2 with the exception of 2(g), **within 14 days the entry of an agreed upon Protective Order**, as outlined above.

7. *Plaintiff's Requests for Production Nos. 3, 4*

In these requests, Plaintiff seeks documents relating to delivery driver job duties and documents describing or reflecting policies relating to delivery driver compensation at each of the stores identified in response to Interrogatory 1. During the discovery conference, Defendants agreed to produce documents responsive to these requests after an agreed upon Protective Order is entered by the Court.

8. *Plaintiff's Request for Production No. 5*

Plaintiff is seeking documents relating to the methodology used to calculate or determine the rates that Chaac Pizza Midwest, LLC used to reimburse delivery drivers employed at any of the Pizza Hut stores identified in response to Interrogatory 1 for vehicle related expenses. Defendants contend that its answer to Plaintiff's Interrogatory No. 3 is responsive to this request. However, to the extent responsive documents exist

---

[4] This ruling is limited to this phase of discovery and does not mean that if the motion to send notice is granted Defendants can continue to rely on this ruling to withhold information regarding drivers who are subject to an arbitration clause.

with the respect to this request, they shall be produced by Defendants, **within 14 days the entry of an agreed upon Protective Order**, as outlined above.

9. *Plaintiff's Request for Production Nos.6, 7, 8, 9*

These requests seek documents relating to Defendants preservation and retention of document policies, franchise agreements, organizational charts, and documents reviewed or relied upon in responding to Interrogatories 1-3.  Defendants contend that the requested information is beyond the scope of the permitted preliminary discovery. The undersigned agrees these requests are premature and are not relevant to the similarly situated inquiry for the Motion to Send Court Approved Notice.  Accordingly, Defendants objections are sustained as to Plaintiff's Request for Production Nos.6, 7, 8, 9.

10. *Plaintiff's Request for Production No. 10*

Plaintiff asks for documents reviewed and/or relied upon by any expert retained by Chaac Pizza Midwest, LLC in this action.  During the discovery conference, Defendants represented that they have not retained an expert for this action. As such, Defendants shall provide a formal response to this request stating the same, **within 14 days the entry of an agreed upon Protective Order**, as outlined above.

11. *Plaintiff's Request for Production No. 11*

These requests seek documents related to Defendants' response to Plaintiff's requests for Admission 1.  Namely it states: "[i]f the answer to Request for Admission 1 is anything other than an Unqualified admission, produce all Documents collected and/or related to actual vehicle related expenses incurred by delivery drivers employed at any of the Pizza Hut stores identified in response to Interrogatory 1." As outlined below,

Defendants have agreed to amend their response to Plaintiff's Request for Admission No. 1 and shall update its production if necessary.

12. *Plaintiff's Request for Production Nos. 12*

Plaintiff seeks any documents Defendants believe supports an argument that the delivery drivers at Chaac Pizza Midwest, LLC are not similarly situated. The undersigned finds that this request is overly broad. Moreover, Defendants have adequately addressed this request at this time and agreed to provide responses relating to the reimbursement methodology for its drivers (see section 7 above).

13. *Plaintiff's Request for Admission No. 1*

Plaintiff asks Defendants to Admit that, throughout the relevant time period, the stores identified in response to Interrogatory No. 1 have not collected records of the actual vehicle-related expenses incurred by its delivery drivers. In response, Defendants objected and admitted only that it did not maintain itemized receipts of all actual vehicle-related expenses incurred by Plaintiff while working at the Harrison store. During the discovery conference, Defendants agreed to amend this response to include all Ohio stores, not just the Harrison store. Accordingly, Defendants shall provide a formal response to this request stating the same, **within 14 days the entry of an agreed upon Protective Order**, as outlined above.

14. *Defendants Discovery Requests, including Plaintiff's Deposition*

Defendants have also served Plaintiff with written discovery and asked Plaintiff to sit for a deposition. According to Defendants, Plaintiff has refused to engage in written discovery and/or sit for his deposition. In this regard, Defendants rely on *Clark v. A&L Homecare & Training Ctr., LLC,* 68 F. 45h, 1003, 1009 (6th Cir. 2023) and cite cases from

7

the Eastern District of Michigan interpreting *Clark* wherein the Court allowed Defendants discovery on the merits of Plaintiff's claims during the preliminary discovery phase regarding the Motion to Send Notice. *See Stewart v. Epitec, Inc.*, No. 2:22-CV-12857, 2024 WL 95676, at *4 (E.D. Mich. Jan. 9, 2024); *Springer v. Kirchhoff Auto. USA, Inc.*, No. 2:23-CV-10350, 2024 WL 111782, at *3 (E.D. Mich. Jan. 10, 2024).[5] Plaintiff, however, contends that the Defendants discovery requests, including his deposition, are premature and are not relevant to the similarly situated inquiry for the Motion to Send Court Approved Notice. Judge Rose, a district judge in <u>this</u> court, recently held, *Clark* "'does not require district courts to permit or order discovery, and certainly not expedited discovery. Rather it simply re-affirms that district courts have the authority to do so.'" *Murphy v. Kettering Adventist Healthcare*, S.D.Ohio No. 3:23-cv-69, 2023 U.S. Dist. LEXIS 203648, at *7 (J. Rose, Nov. 14, 2023), *citing Cordell v. Sugar Creek Packing Co.*, 2023 U.S. Dist. LEXIS 160746, at *8, 2023 WL 5918753, at *3. Judge Rose continued:

> While it is certainly true that courts have viewed the heightened standard in *Clark* as a reason to permit parties the opportunity to engage in limited discovery, it is not a mandate to the district courts to require discovery if either party simply invokes the word. Defendants seek a period of discovery, which Murphy opposed, with no definitive aim. The danger of such a proposition is that the Court may necessarily become involved in discovery to settle disputes over scope and ultimately prejudice one or both of the parties through avoidable delays. The Court is not inclined to allow defendants in FLSA cases to go on boundless fishing expedition that run the risk of driving up the parties' costs or delaying prompt adjudication of court-facilitated notice motion.

*Id.* at *8-9 (Nov. 14, 2023).

Here Defendants state that discovery of Plaintiff is needed to show Mullen's records of actual expenses. These records could show that he was paid more than his

---

[5] *Stewart and Springer* were both decided by Judge Murphy within one day of each other.

8

actual expenses and thus, may not be similarly situated to the other drivers. However, without discovery from other drivers this information is of no consequence to the current question of similarly situated as they, too, could have been paid more than their actual expenses. In addition, in *Hatmaker v. PJ Ohio, LLC*, S.D.Ohio, No. 3:17cv146, 2020 U.S. Dist. LEXIS 39715, *11 (J. Rose, March 6, 2020), this court held, "[b]ecause Defendants have not tracked and paid the drivers' actual expenses, the drivers' individual vehicle expenses (if maintained at all by the drivers) are irrelevant." Thus, discovery of Plaintiff as to his actual expenses is not proper at this time. To be clear, this Court is not making a determination as to the relevance of this information in the next phase of discovery, but does find that it is not relevant in this phase.

Defendants next assert that both written discovery and Plaintiff's deposition could reveal admissions that go to individualized defenses as well as the merits of Plaintiff's claims. Defendants again cite *Clarke, Stewart* and *Springer* to support their argument. *Stewart*, citing *Clark*, held that "discovery is not one-sided. Defendant is entitled to discovery of 'individualized defenses' that disfavor notification just as Plaintiff is entitled to discovery that may support similarly situatedness." *Stewart,* 2024 WL 95676 *at *9,* citing *Clark*, 68 F.4th at 1010. *Clark* held that "a district court may promptly initiate discovery <u>relevant</u> to the motion [to send notice], including if necessary by 'court order.'" *Clark,* 68 F.4th at 1011(emphasis added) *citing* Fed. R. Civ. P. 26(d)(1). The Court in *Clark* did hold that discovery into an arbitration defense is not "off-limits" at this stage, despite the fact that the "defense presents 'merits questions.'" *Id*. at 1012 (internal cites omitted).

Just as the Court in *Stewart* exercised "its discretion and 'managerial

9

responsibility'" (*Stewart,* 2024 WL 95676 at *12), this Court will likewise do so, but instead finds that Defendants' discovery at this stage shall be limited to its arbitration defense or any other defenses that relate specifically to the question of similarly situated, except as otherwise prohibited by this order, i.e., discovery is not permitted on Plaintiff's actual expenses.

**IT IS SO ORDERED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge